Beverly Ann LATIKER *v.* STATE of Arkansas

CR 83-103                    662 S.W.2d 812

Supreme Court of Arkansas
Opinion delivered January 9, 1984

*William R. Simpson, Jr.,* Public Defender, by: *Kelly Carithers,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant was charged with the capital murder of Raymond Allen in the perpetration of a robbery, convicted of first-degree murder, and sentenced to life imprisonment. Her only contention is that the proof is insufficient to sustain a conviction of any offense more serious than second-degree murder.

There was ample proof that Allen was shot fatally. The appellant's written confession was sufficient to support a finding of murder in the first degree. She said that on the evening of the homicide Allen picked her up in a white Continental as she was walking down the street. After Allen

stopped to buy beer the two checked into a motel. The confession continued:

> We went in & I started drinking a beer, I sat on the dresser and he sat on the bed. He reached and got my hand (not in rough type manner). I told him to let me finish my beer first. We got to struggling & I pushed him down on the bed, & when he sat up, I had pulled my gun (a 38 cal.) and I shot him. . . . After he was shot I stood there for awhile and then I got his wallet off the dresser and I went outside.

In the confession the appellant said she then caught a ride with a man who stopped at a trailer residence before taking her home. She said that in the trailer she went to the bathroom, took $77.00 out of the wallet, and put the wallet on a shelf. The State's proof showed that the wallet was found there and contained the victim's driver's license and identification papers.

At the trial the appellant testified quite differently, saying that a man named Charles Lewis had arranged a date for her with the victim, had come to the motel and shot Allen, and had dropped the wallet as he was running out. She said she picked up the wallet as she ran after Lewis. It was for the jury to say which of the appellant's stories was the true one. The court gave the appropriate AMCI instructions on first-degree murder. We find no merit in the appellant's argument that the proof was insufficient nor any other prejudicial error in the matters that have been abstracted.

Affirmed.

HOLLINGSWORTH, J., not participating.